**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES L. IRVIN, JR.,

    Petitioner,

vs.                              Case No.:    3:18-cv-526-MMH-PDB
                                                         3:16-cr-105-MMH-PDB
                                                         3:06-cr-393-MMH-PDB

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner Charles L. Irvin, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion), pro se memorandum (Civ. Doc. 1-1, Memorandum), and supporting exhibit (Civ. Doc. 1-2, Exhibit).[1] Irvin challenges the Bureau of Prisons' (BOP's) refusal to let him participate in a certain drug abuse rehabilitation program. The United States has responded in opposition. (Civ. Doc. 5, Response). Although given the opportunity to file a reply brief (Civ. Docs. 3, 6), Irvin has not done so. Thus, the case is ripe for a decision.

---

[1] Citations to the record in the 2006 criminal case, No. 3:06-cr-393-MMH-PDB, will be denoted "2006 Crim. Doc. __." Citations to the record in the 2016 criminal case, No. 3:16-cr-105-MMH-PDB, will be denoted "2016 Crim. Doc. ___." Citations to the record in the civil § 2255 case, No. 3:18-cv-526-MMH-PDB, will be denoted "Civ. Doc. __."

1

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons below, Irvin's § 2255 Motion is due to be denied.

## I. Background

In 2006, a federal grand jury charged Irvin and a codefendant with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (2006). (2006 Crim. Doc. 1, 2006 Indictment). Pursuant to a written plea agreement, Irvin pled guilty to, and was convicted of, the lesser included offense of conspiracy to distribute five grams or more of cocaine base. (2006 Crim. Doc. 64, Plea Agreement; 2006 Crim.

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

2

Doc. 93, First Judgment). The Court sentenced Irvin to a term of 63 months in prison followed by a 60-month term of supervised release.

Irvin was released from prison in 2011, but in 2016 he was rearrested on a new federal drug charge. (See 2016 Crim. Doc. 30, Second PSR at ¶¶ 1–13, 41). A federal grand jury charged Irvin with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (2016 Crim. Doc. 1, 2016 Indictment). At the same time, the United States Probation Office petitioned the Court for an arrest warrant, alleging that Irvin had committed a violation of supervised release ("VOSR"). (2006 Crim. Doc. 143, Amended VOSR Petition). Irvin pled guilty to the new drug charge without a plea agreement and further admitted to the VOSR. (See 2016 Crim. Doc. 24, Minute Entry for Change of Plea; 2016 Crim. Doc. 40, Sentencing and Revocation Transcript at 3–10). As to the new drug charge, the Court sentenced Irvin to a term of 70 months in prison. (2016 Crim. Doc. 35, Second Judgment). As to the VOSR, the Court revoked the term of supervised release and sentenced him to a term of 18 months in prison, to be served consecutively to the 70-month prison term for the new drug offense, resulting in a total term of imprisonment of 88 months. Sentencing & Revocation Tr. at 50–52; (2006 Crim. Doc. 173, Judgment of Revocation). As part of the sentence, the Court agreed to recommend that Irvin be placed at Coleman FCI, that he "participat[e] in any substance abuse treatment program," and that he be "designat[ed] to the 500-

3

hour intensive drug treatment program and any other program for which [he is] eligible." Sentencing & Revocation Tr. at 53–54; see also Second Judgment at 2; Judgment of Revocation at 2. However, the Court noted that the BOP has its own rules regarding admission to the drug treatment program and that the Court was "not privy [as to] whether or not [Irvin would] be eligible." Sentencing & Revocation Tr. at 54. Irvin did not appeal his conviction or sentence.

## II. Motion to Vacate

Irvin timely filed the § 2255 Motion less than one year after his conviction and sentence became final. In the § 2255 Motion and Memorandum, Irvin argues that the BOP has wrongly denied him the ability to participate in substance abuse treatment programming. § 2255 Motion at 4; Memorandum at 2–5. Irvin acknowledges that he was allowed to complete the Residential Drug Abuse Treatment Program (RDAP).[4] See Memorandum at ¶¶ 9–10. However, he claims he "will not be allowed to participate in the four month post-graduation rehabilitation program" because of a guidelines weapon enhancement he received in connection with the original 2006 conviction. Id. at ¶ 11; see also First PSR at ¶ 15 (applying two-level weapon enhancement under U.S.S.G. § 2D1.1(c)).

---

[4] Under 18 U.S.C. § 3621(e)(2)(B), when a prisoner convicted of a nonviolent offense successfully completes a treatment program, the BOP may reduce the remaining term of imprisonment by up to one year.

4

Irvin states that under BOP rules, having a weapon enhancement renders a prisoner ineligible to participate in certain programs. However, he suggests that the BOP misapplied this rule in his case because his weapon enhancement was related only to the original 2006 conviction and not either of the offenses for which he is currently incarcerated, i.e., the 2016 drug charge or the VOSR. See Memorandum at 2–5. To remedy the alleged error, Irvin asks that the Court strike the guidelines weapon enhancement from the First PSR (i.e., the PSR in the 2006 case). § 2255 Motion at 12.

### III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

The Court lacks authority under § 2255 to order that the BOP allow Irvin to participate in substance abuse programming. To the extent Irvin challenges

5

the BOP's refusal to let him participate in the four-month post-RDAP program, this challenge goes to the execution of his sentence, not its legality.[5] As such, it is more appropriately brought in a habeas petition under 28 U.S.C. § 2241 than a motion under § 2255. See McCarthan v. Director of Goodwill Indus. – Suncoast, Inc., 851 F.3d 1076, 1089 (11th Cir. 2017) (en banc) ("A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.").

Moreover, "[s]ection 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). When a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice,'" Spencer, 773 F.3d at 1138 (quoting Addonizio, 442 U.S. at 185). Such a miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds

---

[5] Notably, it appears that Irvin challenges the BOP's refusal to let him participate in the four-month post-RDAP rehabilitation program for the sake of participation itself, rather than any effect it would have on his release date.

6

the statutory maximum. See id. at 1138–39. Likewise, a sentencing error qualifies as a "fundamental defect" where "a prior conviction used to enhance his sentence has been vacated." Id. at 1139. However, lesser errors do not authorize relief under § 2255. Id. at 1140 ("A misapplication of advisory sentencing guidelines … does not violate an 'ancient' right, nor does it raise constitutional concerns."). Indeed, the Eleventh Circuit held in Spencer that misclassifying the defendant as a guidelines career offender was not of a magnitude that warranted relief under § 2255. Id. at 1138–40. As the court explained, the sentencing guidelines are advisory; thus, the district court could have imposed the same sentence, even without the career offender enhancement, and it would have remained lawful so long as it was below the statutory maximum. Id. at 1140 ("But any miscalculation of the guidelines range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.") (citing Gilbert v. United States, 640 F.3d 1293, 1304 (11th Cir. 2011) (en banc)).

Similarly, even if the BOP did err by excluding Irvin from participating in the four-month post-RDAP program, it would have had no effect on the legality of his sentence. Nor does Irvin identify how participation in the program would have affected his sentence or entitled him to early release. See 18 U.S.C. § 3621(e)(2)(B) (providing that if a prisoner successfully completes a

7

treatment program, the prisoner's remaining term of imprisonment "may be reduced by the Bureau of Prisons" by up to one year (emphasis added)). Thus, any mistake or error in this regard is not cognizable under § 2255.

Irvin also asks that the Court strike the weapon enhancement from the First PSR. See § 2255 Motion at 12. Irvin does not contend that the weapon enhancement was legally improper. Instead, he "accepts and accepted that he was a participant in the conspiracy, and can be held accountable for a common area gun in this circumstance." Memorandum (Civ. Doc. 1-1) at ¶ 6. Nevertheless, he seeks to have the enhancement stricken so as to allow him to participate in the 4-month post-RDAP program. However, even if the guidelines weapon enhancement was erroneous, the Court would have no authority under 28 U.S.C. § 2255 to strike it from the First PSR. See Spencer, 773 F.3d at 1138.

In any event, "the Bureau [of Prisons] has broad authority to manage the enrollment of prisoners in drug abuse treatment programs," such that it is "beyond the District Court's authority to order [a] defendant's participation in a drug treatment program while incarcerated." United States v. Jackson, 70 F.3d 874, 878 (6th Cir. 1995), abrogation on other grounds recognized by United States v. Deen, 706 F.3d 760, 764–65 (6th Cir. 2013). The Supreme Court has held that the BOP is within its discretion to exclude from eligibility for RDAP any defendant whose offense of conviction was a felony that involved the carrying, possession, or use of a firearm. Lopez v. Davis, 531 U.S. 230, 232–33

(2001).[6] And even if a defendant completes substance abuse programming, "BOP possesses substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be." United States v. Lopez-Salas, 266 F.3d 842, 847 (8th Cir. 2001) (citing Lopez v. Davis, 531 U.S. 230 (2001)); see also Cook v. Wiley, 208 F.3d 1314, 1322–23 (11th Cir. 2000) (holding that § 3621(e)(2)(B) does not create a constitutionally protected liberty interest in early release). As such, the Court lacks the authority to order that the BOP allow Irvin to participate in the four-month post-RDAP rehabilitation program.

For these reasons, Irvin's § 2255 Motion is due to be denied.[7]

---

[6] Irvin contends that the BOP, in determining he was ineligible to participate in the four-month post-RDAP program, should not have considered the weapon enhancement in the 2006 offense because it was unrelated to the offenses for which he is now incarcerated. However, part of Irvin's sentence was an 18-month term of imprisonment for a VOSR related to the 2006 offense. It is well recognized that a VOSR sentence is part of the penalty for the underlying offense. See, e.g., Johnson v. United States, 529 U.S. 694, 701 (2000) (noting that "postrevocation penalties relate to the original offense."); United States v. Haymond, 139 S. Ct. 2369, 2379–80 (2019) ("Today, we merely acknowledge that an accused's final sentence includes any supervised release sentence he may receive…. This Court has already recognized that supervised release punishments arise from and are 'treat[ed] … as part of the penalty for the initial offense."). Thus, the Court cannot say it would have been entirely inappropriate for the BOP to exclude Irvin from participating in certain programs based on the weapon enhancement in the 2006 offense where his VOSR sentence was related to that same offense.

[7] For support, Irvin cites United States v. Fraley, Civil Action No. 07–18–KSF, 2007 WL 1876455 (E.D. Ky. Jun. 27, 2007), where a district court granted a defendant's § 2255 motion to amend his PSR to remove a firearm enhancement, so as to allow the defendant to participate in RDAP. As the United States points out, Fraley is distinguishable because (1) there the United States did not object to the § 2255 motion, whereas it does here, (2) in Fraley, both the court and the United States mistakenly believed the defendant would be eligible for RDAP and a related sentence reduction despite the firearm enhancement, whereas there was no such mistake here, and (3) Fraley is not binding. Response at 3.

## IV. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Irvin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Charles L. Irvin, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of the United States and against Irvin, and close the file.

3. If Irvin appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner

11